UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

----oo0oo----

| | |
|---|---|
| LODI MEMORIAL HOSPITAL ASSOCIATION, INC., a California public benefit corporation,<br><br>        Plaintiff,<br><br>    v.<br><br>BLUE CROSS OF CALIFORNIA, doing business as ANTHEM BLUE CROSS, a California corporation; ANTHEM BLUE CROSS LIFE AND HEALTH INSURANCE CO., a California corporation; THE WELLPOINT COMPANIES, INC., an Indiana corporation; WELLPOINT INC., an Indiana corporation; ANTHEM HEALTH PLANS OF VIRGINIA, INC., a Virginia corporation; BLUE CROSS BLUE SHIELD OF TEXAS, a Texas corporation; COMMUNITY INSURANCE COMPANY, dba ANTHEM BLUE CROSS AND BLUE SHIELD OF OHIO, an Ohio corporation; McLANE COMPANY, INC., a Texas corporation; CARPENTERS HEALTH AND WELFARE TRUST FUND FOR CALIFORNIA; CEMENT MASONS HEALTH AND WELFARE TRUST FUND FOR NORTHERN CALIFORNIA; CALIFORNIA'S VALUED TRUST, formerly known as CENTRAL VALLEY TRUST; OPERATING ENGINEERS HEALTH AND WELFARE | NO. CIV. 09-1178 WBS KJM<br><br>MEMORANDUM AND ORDER RE:<br><u>MOTION TO REMAND AND MOTION TO DISMISS</u> |

1

1  TRUST FUND; PIPE TRADES
   DISTRICT COUNCIL NO. 36 HEALTH
2  AND WELFARE FUND; SMW LOCAL
   104 HEALTH CARE PLAN; UFCW
3  NORTHERN CALIFORNIA HEALTH AND
   WELFARE TRUST FUND; WESTERN
4  GROWERS ASSURANCE TRUST;
   CALIFORNIA GROWER FOUNDATION
5  BENEFIT PLAN; DOES 1-200,

6          Defendants.
                                    /
7

8                    ----oo0oo----

9          Plaintiff Lodi Memorial Hospital Association Inc. brought this action in state court against various trusts, benefit plans, health plans, plan administrators, and insurers to obtain reimbursement for healthcare services provided to their members and insureds.  Having removed the case to federal court, defendants now move to dismiss the Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim upon which relief can be granted, and plaintiff moves to remand the case to state court pursuant to 28 U.S.C. § 1447(c).

I.   Factual and Procedural Background

          Plaintiff is a hospital and healthcare provider located in Lodi, California.  (Notice of Removal Ex. A ("Compl.") ¶ 2.) Until March 31, 2007, plaintiff and defendant Blue Cross of California ("BCC") had a written contract under which plaintiff provided inpatient and outpatient medical services to members and insureds of BCC and its affiliates.  (Id. ¶ 29.)  After March 31, 2007, plaintiffs continued to provide healthcare services to these individuals, though the written contract had expired. (Id.)

          Before providing non-emergency inpatient care to

2

defendants' members and insureds, plaintiff contacted defendants to obtain authorization, and in turn, defendants either authorized the care, failed to arrange for the patients' transfer, or indicated that no authorization was necessary. (Id. ¶ 34.)  Plaintiff alleges that it understood this conduct as a request that plaintiff provide inpatient services to the patients and that defendants would pay for those services. (Id. ¶ 34.) With regard to outpatient services, plaintiff similarly informed defendants that patients claiming coverage with defendants sought outpatient services, verified that the individuals were eligible members or insureds of defendants, and verified that plaintiff was authorized to provide outpatient services and care. (Id. ¶ 35.)  After providing treatment, plaintiff sent claim information to defendants for pricing, processing, and payment. (Id. ¶ 36.) Defendants, however, allegedly failed to reimburse plaintiff for the services rendered. (Id. ¶ 37.)

    Plaintiff subsequently filed a Complaint in San Joaquin County Superior Court on April 1, 2009, alleging claims for breach of implied-in-fact and implied-in-law contracts; services rendered; account stated; intentional and negligent misrepresentation; estoppel; intentional and negligent interference with contract; intentional and negligent interference with prospective economic advantage; and violations of California's Unfair Competition Law, Cal. Bus. & Prof. Code §§ 17200-17210.  Defendants removed the action to federal court on April 30, 2009, asserting that plaintiff's claims were "completely preempted" by the Employee Retirement and Income Security Act of 1974 ("ERISA"), 29 U.S.C. §§ 1001-1461, and

3

therefore "ar[ose] under the . . . laws . . . of the United States."  28 U.S.C. § 1331; Metro. Life Ins. Co. v. Taylor, 481 U.S. 58, 66 (1987); (see Docket No. 1 at 3:20-26).  Presently before the court are defendants' motion to dismiss the Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim upon which relief can be granted and plaintiff's motion to remand pursuant to 28 U.S.C. § 1447(c).

II.  Discussion

"Where subject-matter jurisdiction will involve no arduous inquiry . . . both expedition and sensitivity to state courts' coequal stature should impel the federal court to dispose of that issue first."  Mothershed v. Justices of Supreme Court, 410 F.3d 602, 607 (9th Cir. 2005) (quoting Ruhrgas AG v. Marathon Oil Co., 526 U.S. 574, 587-88 (1999)) (internal quotation marks omitted).  Because plaintiff's motion to remand is predicated upon the absence of original subject matter jurisdiction, the court will adjudicate this motion before proceeding to defendants' motion to dismiss.

A motion to remand "is the proper procedure" for challenging the removal of an action to federal court. Moore-Thomas v. Alaska Airlines, Inc., 553 F.3d 1241, 1243 (9th Cir. 2009) (citing 28 U.S.C. § 1447(c)).  "Under 28 U.S.C. § 1441, a defendant may remove an action filed in state court to federal court if the federal court would have original subject matter jurisdiction over the action."  Id.  Federal courts have original subject matter jurisdiction over "all civil actions arising under the Constitution, laws, or treaties of the United States."  28 U.S.C. § 1331.

4

1        To determine whether an action "arises" under federal
2   law, courts apply the "well-pleaded complaint rule," which
3   provides that "a claim arises under federal law 'only when a
4   federal question is presented on the face of the plaintiff's
5   properly pleaded complaint.'"  Moore-Thomas, 553 F.3d at 1243
6   (quoting Valles v. Ivy Hill Corp., 410 F.3d 1071, 1075 (9th Cir.
7   2005)).  As a corollary to the well-pleaded complaint rule, the
8   "complete preemption doctrine" instructs that Congress "may so
9   completely preempt a particular area that any civil complaint
10  raising this select group of claims is necessarily federal in
11  character."  Id. (quoting Toumajian v. Frailey, 135 F.3d 648, 653
12  (9th Cir. 1998)) (internal quotation marks omitted).  Under this
13  doctrine, "if a federal cause of action completely preempts a
14  state cause of action[,] any complaint that comes within the
15  scope of the federal cause of action necessarily 'arises under'
16  federal law."  Franchise Tax Bd. of Cal. v. Constr. Laborers
17  Vacation Trust for S. Cal., 463 U.S. 1, 24 (1983).
18       As mentioned previously, defendants assert that the
19  court has subject matter jurisdiction because ERISA completely
20  preempts plaintiff's claims.  For ERISA to completely preempt a
21  state law claim, the claim must not only "relate[] to" an ERISA
22  plan within the meaning of § 1144(a)," but must also "fall[]
23  within the scope of ERISA's civil enforcement found in §
24  1132(a)."  Toumajian, 135 F.3d at 654.
25       "Section 1132(a) of ERISA, by its express terms, limits
26  the causes of action that are available under the statute, as
27  well as by whom and against whom they may be brought."  Id.
28  Specifically, § 1132(a) limits potential ERISA plaintiffs to

5

participants, beneficiaries, fiduciaries, employers, States, and the Secretary of Labor.  29 U.S.C. § 1132(a)(1)-(10); see Harris v. Provident Life & Accident Ins. Co., 26 F.3d 930, 933 (9th Cir. 1994) ("[T]he Supreme Court has held that a federal court has no jurisdiction to hear a civil action under ERISA that is brought by a person who is not a 'participant, beneficiary, or fiduciary.'") (citation omitted).  ERISA's definitions of the aforementioned litigants preclude plaintiff--a third-party medical provider--from qualifying as a potential plaintiff vested with enforcement rights under ERISA.  29 U.S.C. § 1002(5), (7), (8), (10), (13), (21)(A).[1]  Therefore, because plaintiff is excluded from ERISA's enforcement provision, it would appear that plaintiff's claims cannot be "completely preempted" by the statute.  Toumajian, 135 F.3d at 654.

Nonetheless, courts have found that third-party medical

---

[1] See 29 U.S.C. § 1002(5) (defining "employer" as "any person acting directly as an employer, or indirectly in the interest of an employer, in relation to an employee benefit plan; and includes a group or association of employers acting for an employer in such capacity"); id. § 1002(7) (defining "participant" as "any employee or former employee of an employer, . . . who is or may become eligible to receive a benefit of any type from an employee benefit plan which covers employees of such employer or members of such organization, or whose beneficiaries may be eligible to receive any such benefit"); id. § 1002(8) (defining "beneficiary" as "a person designated by a participant, or by the terms of an employee benefit plan, who is or may become entitled to a benefit thereunder"); id. § 1002(21)(A) (defining "fiduciary" as "a person is a fiduciary with respect to a plan to the extent (i) he exercises any discretionary authority or discretionary control respecting management of such plan or exercises any authority or control respecting management or disposition of its assets, (ii) he renders investment advice for a fee or other compensation, direct or indirect, with respect to any moneys or other property of such plan, or has any authority or responsibility to do so, or (iii) he has any discretionary authority or discretionary responsibility in the administration of such plan").

providers may bring a claim under § 1132(a) if the provider is "suing as an <u>assignee</u> of a beneficiary's rights to the <u>benefits</u> under an ERISA plan." <u>Blue Cross of Cal. v. Anesthesia Care Assocs. Med. Group, Inc.</u>, 187 F.3d 1045, 1051 (9th Cir. 1999); <u>see also id.</u> ("ERISA does not prohibit the assignment by a beneficiary of his or her right to reimbursement under a health care plan to the health care provider."). In such cases, the beneficiary has a right to reimbursement from the ERISA plan and assigns that right to the provider. The provider, in turn, "stands in the shoes of the beneficiary" and "the terms of the benefit plan [are] the provider's only basis for his reimbursement claim." <u>Id.</u>

Defendants contend that plaintiff's claims are necessarily premised on an assignment of rights from beneficiaries. (<u>See</u> Opp'n Mot. Remand 7-13.) Specifically, defendants assert,

> Plaintiff itself could only have relied on representations regarding coverage if [plaintiff] had obtained an assignment of benefits. Otherwise, any representations of coverage by defendants would have been with respect to the patient plan member's right to be reimbursed pursuant to his or her ERISA plan for the charges associated with her or her treatment.

(<u>Id.</u> at 8:11-15.) Defendants continue, "[I]n the absence of a written provider agreement, any alleged 'assurances' by [defendants] to reimburse [plaintiff] . . . would be oral promises to stand for the debt of another, which are unenforceable pursuant to the statute of frauds." (<u>Id.</u> at 8 n.8.) These arguments, however, go to the merits of plaintiff's claims; although further litigation may reveal that defendants' alleged representations were legally insufficient to create

7

independent, non-derivative legal obligations between plaintiff and defendants, these allegations are ultimately the source from which the court must discern the presence or absence of subject matter jurisdiction on this motion. See, e.g., Moore-Thomas, 553 F.3d at 1243 ("[A] claim arises under federal law 'only when a federal question is presented on the face of the plaintiff's properly pleaded complaint.'" (quoting Valles, 410 F.3d at 1075)).

As pled, plaintiff's claims do not expressly or impliedly allege that patients assigned their rights under their plans to plaintiff. Rather, the gravamen of plaintiff's Complaint is based upon contract and tort theories arising from alleged representations made by defendants or their agents to plaintiff before plaintiff rendered services to defendants' members and insureds. Therefore, because plaintiff seeks to enforce its own independent, non-derivative rights, plaintiff's claims do not fall "within the scope of ERISA's civil enforcement found in § 1132(a)." Toumajian, 135 F.3d at 654; see The Meadows v. Employers Health Ins., 47 F.3d 1006, 1008 (9th Cir. 1995) ("The question before us [] is whether ERISA preempts claims by a third-party who sues an ERISA plan not as an assignee of a purported ERISA beneficiary, but as an independent entity claiming damages. We hold that ERISA does not."); see also USC-Kenneth Norris Jr. Cancer Hosp. v. Aetna Health of Cal., Inc., No. 08-3710, 2008 WL 4889022, at *5 (C.D. Cal. Nov. 7, 2008) (holding that a provider's claims against an insurer for breach of implied contract and misrepresentation were not claims for ERISA benefits artfully pleaded as state law claims); Doctors

8

Med. Ctr. of Modesto, Inc. v. Principal Mut. Life Ins. Co., No. 08-1496, 2008 WL 4790534, at *4 (E.D. Cal. Aug. 28, 2008) (holding that a provider's claims against an insurer for breach of implied contract, negligent misrepresentation, and quantum meruit were distinct from claims by a beneficiary's assignee because they "derive[d] exclusively from representations defendant made to plaintiff in confirming [the patient's] eligibility for benefits").

This analysis is consistent with the Ninth Circuit's recent decision in Catholic Healthcare West-Bay Area v. Seafarers Health and Benefits Plan, No. 07-15281, 2008 WL 4951648 (9th Cir. Nov. 18, 2008). In Seafarers, plaintiff--a third-party medical provider--moved to remand its lawsuit against the defendant benefit plan to state court because "the Complaint contain[ed] only state law claims for breach of implied contract, negligent misrepresentation, estoppel, quantum meruit, and indebitatus assumpsit." Id. at *1. The district court denied the motion and ultimately granted summary judgment in defendant's favor, holding that plaintiff's claims were "preempted by ERISA because they necessarily involve[d] the interpretation of an ERISA plan as applied to an assignee of ERISA benefits." Id. The Ninth Circuit subsequently reversed and remanded "with instructions to remand the action to state court," holding, "[W]here a third party medical provider sues an ERISA plan based on contractual obligations arising directly between the provider and the ERISA plan (or for misrepresentations of coverage made by the ERISA plan to the provider), no ERISA-governed relationship is implicated and the claim is not preempted." Id. (citing The

9

1  Meadows, 47 F.3d at 1008-11).  The court continued,

2   Although [plaintiff] could have brought an ERISA claim
    derivatively as an assignee, the Complaint does not
3   assert a derivative claim.  The Complaint does not
    mention an assignment and does not predicate its alleged
4   right to recovery on any assignment. Rather, the
    Complaint asserts claims based on a direct contractual
5   relationship that arose between [plaintiff] and Seafarers
    and misrepresentations made to [plaintiff] by Seafarers.
6   None of these claims rest on the assignment of benefits
    under an ERISA plan, the claims are based on independent
7   state law, and the dispute involves a contract and
    representations made between a third party provider and
8   a plan--a relationship that is not governed by ERISA.

9  Id.

10         Here, as in Seafarers, the court cannot disregard the

11 Complaint in order to characterize plaintiff's claims as coming

12 within ERISA's civil enforcement provision; the complete-

13 preemption doctrine is therefore inapplicable, and the court

14 consequently lacks original subject matter jurisdiction over this

15 action.  See Toumajian, 135 F.3d at 657 ("Our analysis of

16 [plaintiff's] original Complaint suggests that because his

17 asserted state law claims do not fall within the civil

18 enforcement provisions of § 1132(a) of ERISA, the district court

19 lacked jurisdiction from the outset.").  Accordingly, the court

20 must grant plaintiff's motion to remand and deny defendant's

21 motion to dismiss as moot.  See, e.g., Patel v. Sugen, Inc., 354

22 F. Supp. 2d 1098, 1113 (N.D. Cal. 2005).

23         In connection with its motion to remand, plaintiff also

24 requests that the court order defendants to pay its "just costs

25 and any actual expenses, including attorney fees, incurred as a

26 result of the removal."  28 U.S.C. § 1447(c); (see Mot. Remand

27 18-20).  "[T]he standard for awarding fees should turn on the

28 reasonableness of the removal."  Lussier v. Dollar Tree Stores,

1  Inc., 518 F.3d 1062, 1065 (9th Cir. 2008) (quoting Martin v.
2  Franklin Capital Corp., 546 U.S. 132, 141 (2005)).  "Absent
3  unusual circumstances, courts may award attorney's fees under §
4  1447(c) only where the removing party lacked an objectively
5  reasonable basis for seeking removal.  Conversely, when an
6  objectively reasonable basis exists, fees should be denied."
7  Martin, 546 U.S. at 141.

        A long line of caselaw supports plaintiff's motion to
remand, including several decisions rendered by this court.  See,
e.g., Cedars-Sinai Med. Ctr. v. Nat'l League of Postmasters of
U.S., 497 F.3d 972, 978 (9th Cir. 2007); Anesthesia, 187 F.3d at
1051; The Meadows, 47 F.3d at 1008; see also Doctors Med. Ctr. of
Modesto, 2008 WL 4790534, at *4; Doctors Hosp. of Manteca, Inc.
v. United Agric. Benefit Trust, No. 06-1936, 2006 WL 3147441, at
*2-4 (E.D. Cal. Oct. 31, 2006).  The Ninth Circuit's recent
decision in Seafarers, moreover, appears to foreclose defendants'
insistence that the court disregard the Complaint's allegations.

        Nonetheless, there also exists authority from this
district that would seem to lend support to defendants' "artful
pleading" protestations.  See, e.g., Fresno Cmty. Hosp. & Med.
Ctr v. Souza, No. 07-325, 2007 WL 1994056, at *4-5 (E.D. Cal.
July 5, 2007) (Snyder, Mag. J.) (examining "the entire record to
determine if the real nature of the claim is federal,
notwithstanding plaintiff's characterization to the contrary").
Although that authority is distinguishable, its existence
precludes a finding that defendants' removal was objectively
unreasonable.  Indeed, in Souza, the court denied a third-party
medical provider's motion to remand because the plaintiff's

11

allegedly independent claims of breach of contract, estoppel, and negligent misrepresentation necessarily incorporated the terms of an ERISA plan--a finding that was not readily apparent from the face of the complaint.  See id. at *3-4.  Unlike Souza, however, plaintiff's counsel in the instant case--as did plaintiff's counsel in Seafarers--confirmed in their motions and at oral argument that plaintiff's claims were "completely independent of the terms and meaning of an ERISA plan."  2008 WL 4951648, at *1.

Therefore, given the similarities between the Complaint in this case and that in Souza, defendants were not "objectively unreasonable" to remove this action upon the belief that, upon litigating a motion to dismiss or motion to remand, plaintiff's claims would be revealed to pertain to a "two-tier[ed]" agreement like that in Souza, 2007 WL 1994056, at *3.  See, e.g., Lott v. Pfizer, Inc., 492 F.3d 789, 793 (7th Cir. 2007) (reversing the district court's award of attorney's fees and costs under 28 U.S.C. § 1447(c) where the relevant caselaw had not clearly foreclosed the defendant's basis for removal), cited with approval in Lussier, 518 F.3d at 1066-67.

IT IS THEREFORE ORDERED that plaintiff's motion to remand be, and the same hereby is, GRANTED; defendants' motion to dismiss be, and the same hereby is, DENIED AS MOOT; and plaintiff's request for attorney's fees and costs be, and the same hereby is, DENIED.

DATED:  June 25, 2009

_____
WILLIAM B. SHUBB
UNITED STATES DISTRICT JUDGE